### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**ERNEST DOBBAR,**

      **Petitioner,**

**vs.**                         **Case No. 4:04cv472-RH/WCS**

**JAMES CROSBY,**

      **Respondent.**

_____/

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This cause is before the court for ruling on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner Dobbar challenges his conviction and sentence for robbery, imposed by the Second Judicial Circuit, Leon County.

Respondent was directed to file an answer or other pleading in response to the § 2254 petition, and Petitioner was given time to file a reply but was not required to do so. Doc. 6.  Respondent filed a motion to dismiss the petition as untimely.  Doc. 9 (hereafter all references to exhibits are to those submitted with doc. 9).  Petitioner did not file a reply.

There is a one year period of limitation for filing a § 2254 petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date

applies.  28 U.S.C. § 2244(d)(1)(A).[1]  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the one year period.  § 2244(d)(2).

The judgment at issue was affirmed on appeal on August 8, 2001.  Ex. H.[2] Respondent asserts that the judgment became final on November 22, 2001, 90 days after the issuance of the mandate on August 24, 2001.  Doc. 9, p. 3.  Actually, the judgment became final on November 6, 2001, when the 90 days for seeking certiorari expired.  *See* Clay v. United States, 537 U.S. 522, 527, 532, 123 S.Ct. 1072, 1076, 1079, 155 L.Ed.2d 88 (2003) (if a petition for writ of certiorari is not filed, a conviction becomes final when the 90 days for seeking certiorari – which runs from the date of the judgment or order and not the mandate under S.Ct. Rule 13(3) – expires).

Respondent asserts that Petitioner filed a motion to correct illegal sentence on July 23, 2002.  Doc. 9, pp. 2-3; Ex. I.  Petitioner delivered the document to prison officials for mailing on July 16, 2002 (Ex. I, p. 4), which the court considers the date of filing for tolling purposes.[3]  Respondent does not indicate when this motion was denied,

---

[1] Later possible commencement dates are set forth in § 2244(d)(1)(B), (C), and (D).

[2] It is noted that Respondent filed voluminous exhibits, including the trial, sentencing, and post conviction transcripts, and the briefs filed on appeal from the criminal judgment and the denial of post conviction relief.  For future reference, all these exhibits are not necessary to a determination of timeliness, which is the only issue raised in the motion to dismiss.

[3] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it.  *See* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Thompson v. State, 761 So.2d 324, 325 (Fla. 2000).

or provide a copy of the order denying the motion.  Petitioner indicated in his § 2254 petition that he filed a Fla.R.Crim.P. 3.800(a) motion on July 23, 2002, which was denied on March 14, 2003, and that he did not appeal.  Doc. 1, p. 3A.  Absent any indication to the contrary, the court accepts this as the correct date.

While the 3.800(a) motion was still pending, Petitioner filed a Fla.R.Crim.P. 3.850 motion on September 6, 2002.  Doc. 9, p. 2; Ex. J, p. 21.  As the Rule 3.850 motion was denied and Petitioner appealed, the time remained tolled until the appellate court issued its mandate on May 27, 2004.  Ex. O; Day v. Crosby, 391 F.3d 1192, 1192-93 (11th Cir. 2004), *citing* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000).  Petitioner filed his § 2254 petition on November 18, 2004.

Between the date the judgment became final (November 6, 2001), and the date Petitioner filed his Rule 3.800 motion (July 16, 2002), excluding those days, 251 days elapsed.  The time was tolled when Petitioner filed his Rule 3.850 motion, and remained tolled through the mandate on May 27, 2004.  Between that date and the date Petitioner filed his § 2254 petition (November 18, 2004), excluding those days, 174 days elapsed. A total of 425 days of untolled time elapsed, and the § 2254 petition is untimely.

Case 4:04-cv-00472-RH-WCS   Document 10   Filed 07/26/05   Page 4 of 4

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss

(doc. 9) be **GRANTED**, and the § 2254 petition challenging Petitioner's conviction out of

the Second Judicial Circuit, Leon County, case 99-2386, be **SUMMARILY DISMISSED**

as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2005.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**